**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 118647



**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Howard Dash, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>vs.<br><br>Jefferson Capital Systems, LLC,<br><br>                              Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Howard Dash, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Jefferson Capital Systems, LLC (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Howard Dash is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Jefferson Capital Systems, LLC, is an Ohio Limited Liability Company with a principal place of business in Cuyahoga County, Ohio.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses the mails in its debt collection business.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN

14. Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

15. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

16. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

17. As such, the circumstances of the particular debtor in question have no bearing as to

the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson,* 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

18. Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell,* 74 F.3d at 34.

19. If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson,* 516 F.3d at 90.

20. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

## ALLEGATIONS SPECIFIC TO PLAINTIFF

21. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

22. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

23. The alleged Debt does not arise from any business enterprise of Plaintiff.

24. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

26. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

27. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated October 17, 2019. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

28. The Letter conveyed information regarding the alleged Debt.

29. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

30. The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

31. The Letter was received and read by Plaintiff.

32. 15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendant deprived Plaintiff of this right.

33. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

34. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

### FIRST COUNT
### Violation of 15 U.S.C. § 1692g(a)(1)

35. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

36. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

37. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

38. To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

39. A statement of "the amount of the debt," when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

40. The Letter claims that Plaintiff owes $91.35.

41. Plaintiff did not owe $91.35.

42. Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect.

43. Defendant's statement of the amount of the alleged Debt, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, violates 15 U.S.C. § 1692g(a)(1).

44. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(1) and is liable to Plaintiff therefor.

## SECOND COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

45. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

46. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

47. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

48. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

49. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

50. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

51. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

52. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

Case 2:20-cv-01467-SJF-SIL   Document 1   Filed 03/19/20   Page 6 of 17 PageID #: 6

53. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

54. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

55. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

56. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

57. The Letter alleges that Plaintiff owed $91.35.

58. Plaintiff did not owe $91.35.

59. Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect.

60. Defendant's allegation that Plaintiff owed $91.35, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

61. Defendant's allegation that Plaintiff owed $91.35, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a deceptive representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

62. Defendant's allegation that Plaintiff owed $91.35, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a misleading representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

63. Defendant's allegation that Plaintiff owed $91.35, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

6

64. Defendant's allegation that Plaintiff owed $91.35, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

65. Defendant's allegation that Plaintiff owed $91.35, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

66. Defendant's allegation that Plaintiff owed $91.35, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

67. Defendant's allegation that Plaintiff owed $91.35, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

68. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692g(a)(2)

69. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

70. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

71. As relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide "the name of the creditor to whom the debt is owed."

72. To comply with 15 U.S.C. § 1692g(a)(2), the written notice must accurately state "the name of the creditor to whom the debt is owed."

73. A statement of "the name of the creditor to whom the debt is owed," when the consumer does not any money at all to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

74. The Letter claims the name of the creditor to whom the alleged Debt is owed is Jefferson Capital Systems LLC.

75. Plaintiff did not owe the alleged Debt to Jefferson Capital Systems LLC.

76. Jefferson Capital Systems LLC never offered to extend credit to Plaintiff.

7

77. Jefferson Capital Systems LLC never extended credit to Plaintiff.

78. Plaintiff was never involved in any transaction with Jefferson Capital Systems LLC.

79. Plaintiff never entered into any contract with Jefferson Capital Systems LLC.

80. Plaintiff never did any business with Jefferson Capital Systems LLC.

81. Plaintiff was never indebted to Jefferson Capital Systems LLC.

82. Jefferson Capital Systems LLC is a stranger to Plaintiff.

83. Defendant's statement that Jefferson Capital Systems LLC is "the name of the creditor to whom the debt is owed," when Jefferson Capital Systems LLC is not the name of the creditor to whom the alleged Debt is owed, violates 15 U.S.C. § 1692g(a)(2).

84. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(2) and is liable to Plaintiff therefor.

### FOURTH COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

85. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

86. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

87. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

88. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

89. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

90. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

91. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

92. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

93. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

94. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

95. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

96. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

97. The Letter claims that Plaintiff owes a debt to Jefferson Capital Systems LLC.

98. Plaintiff did not owe a debt to Jefferson Capital Systems LLC.

99. Jefferson Capital Systems LLC never offered to extend credit to Plaintiff.

100. Jefferson Capital Systems LLC never extended credit to Plaintiff.

101. Plaintiff was never involved in any transaction with Jefferson Capital Systems LLC.

102. Plaintiff never entered into any contract with Jefferson Capital Systems LLC.

103. Plaintiff never did any business with Jefferson Capital Systems LLC.

104. Plaintiff was never indebted to Jefferson Capital Systems LLC.

105. Jefferson Capital Systems LLC is a stranger to Plaintiff.

106. Defendant's allegation that Plaintiff owed a debt to Jefferson Capital Systems LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems LLC, is a false representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

107. Defendant's allegation that Plaintiff owed a debt to Jefferson Capital Systems LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems LLC, is a deceptive representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of

9

15 U.S.C. § 1692e.

108. Defendant's allegation that Plaintiff owed a debt to Jefferson Capital Systems LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems LLC, is a misleading representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

109. Defendant's allegation that Plaintiff owed a debt to Jefferson Capital Systems LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems LLC, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

110. Defendant's allegation that Plaintiff owed a debt to Jefferson Capital Systems LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems LLC, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

111. Defendant's allegation that Plaintiff owed a debt to Jefferson Capital Systems LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems LLC, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

112. Defendant's allegation that Plaintiff owed a debt to Jefferson Capital Systems LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems LLC, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

113. Defendant's allegation that Plaintiff owed a debt to Jefferson Capital Systems LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems LLC, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

114. Defendant's demand that Plaintiff make payment for a debt that he does not owe is a false representation made to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

115. Defendant's request that Plaintiff make payment for a debt that he does not owe is a deceptive means used to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

116. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

### FIFTH COUNT
### Violations of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)

117. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

118. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

119. 15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

120. 15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

121. In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer, the consumer must dispute the debt in writing.

122. 15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

123. In order to be entitled to obtain the name and address of the original creditor, if different from the current creditor, the consumer must request such in writing.

124. A debt collector has the obligation not just to convey the 15 U.S.C. § 1692g required disclosures, but also to convey such clearly.

125. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

126. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

127. 15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

128. A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

129. The Letter contains multiple addresses for Defendant.

130. The first address, located at the top of the Letter, is: 16 McLeland Road Saint Cloud, MN 56303.

131. The second address, located in the coupon, is: PO BOX 1120 CHARLOTTE, NC 28201-1120.

132. The third address, located in the coupon, is: PO BOX 772813 CHICAGO, IL 60677-2813.

133. In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer pursuant to 15 U.S.C. § 1692g(a)(4), the consumer must dispute the debt in writing.

134. The Letter fails to instruct the consumer to which of the multiple addresses provided written disputes must be sent.

135. As a result of the foregoing, the least sophisticated consumer would likely be confused as to which of the multiple addresses she should send her written dispute.

136. As a result of the foregoing, the least sophisticated consumer would likely be uncertain as to which of the multiple addresses she should send her written dispute.

137. Without clear direction as to where to mail her written dispute, the least sophisticated consumer would likely not dispute the debt at all.

138. Without clear direction as to where to mail her written dispute, the least sophisticated consumer would likely not dispute the debt at all because she would be frightened of calling the collection agency where highly trained and aggressive debt collectors answer calls.

139. As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the debt.

140. In order to be entitled to obtain the name and address of the original creditor pursuant to 15 U.S.C. § 1692g(a)(5), the consumer must request such in writing.

141. The Letter fails to instruct the consumer to which of the multiple addresses provided requests for the name of the original creditor must be sent.

142. As a result of the foregoing, the least sophisticated consumer would likely be confused as to which of the multiple addresses she should send her request for the name of the original creditor.

143. As a result of the foregoing, the least sophisticated consumer would likely be uncertain as to which of the multiple addresses she should send her request for the name of the original creditor.

144. Without clear direction as to where to mail her request for the name of the original creditor, the least sophisticated consumer would likely not request this information at all.

145. Without clear direction as to where to mail her request for the name of the original creditor, the least sophisticated consumer would likely not request this information at all because she would be frightened of calling the collection agency where highly trained and aggressive debt collectors answer calls.

146. As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request for the name of the original creditor.

147. As a result of the foregoing, the multiple addresses would likely make the least sophisticated consumer confused as to her rights.

148. As a result of the foregoing, the multiple addresses would likely make the least sophisticated consumer uncertain as to her rights.

149. Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses overshadow the disclosure of the consumer's right to dispute the debt provided by 15 U.S.C. § 1692g(a)(3).

150. Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses overshadow the disclosure of the consumer's right to receive verification of the debt or a copy of a judgment against the consumer provided by 15 U.S.C. § 1692g(a)(4).

151. Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses overshadow the disclosure of the consumer's right to request the name and address of the original creditor provided by 15 U.S.C. § 1692g(a)(5).

152. Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses are inconsistent with the disclosure of the consumer's right to dispute the alleged Debt provided by 15 U.S.C. § 1692g(a)(3).

153.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses are inconsistent with the disclosure of the consumer's right to receive verification of the debt or a copy of a judgment against the consumer provided by 15 U.S.C. § 1692g(a)(4).

154.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses are inconsistent with the disclosure of the consumer's right to request the name and address of the original creditor provided by 15 U.S.C. § 1692g(a)(5).

155.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

156.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

157.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon,* 988 F.2d at 1318.

158.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon,* 988 F.2d at 1319.

159.    A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis,* 269 F.3d at 161.

160.    The least sophisticated consumer could read the Letter and be reasonably confused as to which of the multiple addresses provided she must send her written dispute.

161.    The least sophisticated consumer could read the Letter and be uncertain as to which of the multiple addresses provided she must send her written dispute.

162.    The least sophisticated consumer could reasonably interpret the Letter to mean that she could send her written dispute to any of the multiple addresses provided.

163.    As a result of the foregoing, the Letter, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation concerning where the consumer must send her written dispute, at least one of which is inaccurate.

164.    As a result of the foregoing, the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer as to where the consumer must send her written dispute.

165. Because the Letter is open to more than one reasonable interpretation in this regard, it violates 15 U.S.C. §§ 1692e and 1692e(10).

166. The least sophisticated consumer could read the Letter and be reasonably confused as to which of the multiple addresses provided she must send her request for the name and address of the original creditor.

167. The least sophisticated consumer could read the Letter and be uncertain as to which of the multiple addresses provided she must send her request for the name and address of the original creditor.

168. The least sophisticated consumer could reasonably interpret the Letter to mean that she could send her request for the name and address of the original creditor to any of the multiple addresses provided.

169. As a result of the foregoing, the Letter, in the eyes of the least sophisticated consumer, is open to more than one reasonable interpretation concerning where the consumer must send her send her request for the name and address of the original creditor.

170. As a result of the foregoing, the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer as to where the consumer must send her request for the name and address of the original creditor.

171. Because the Letter is open to more than one reasonable interpretation in this regard, it violates 15 U.S.C. §§ 1692e and 1692e(10).

172. For all of the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

173. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

174. Plaintiff seeks to certify two classes of:

> i. All consumers to whom Defendants sent a collection letter attempting to collect an alleged Debt that was in fact not actually owed in that amount or to the entity on behalf of whom Defendants were trying to collect such debt, substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

      ii. All consumers to whom Defendant sent a collection letter failing to identify to which of the multiple addresses listed for Defendant to send their written validation request, substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

175. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

176. The Class consists of more than thirty-five persons.

177. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

178. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

179. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

180. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

    a. Certifying this action as a class action; and

    b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as

       Class Counsel;

c.   Finding Defendant's actions violate the FDCPA; and

d.   Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e.   Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f.   Granting Plaintiff's costs; all together with

g.   Such other relief that the Court determines is just and proper.

DATED: March 18, 2020

**BARSHAY SANDERS, PLLC**

By: _/s/ Craig B. Sanders_
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 118647